# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLY-WOOD, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| LIGHTHOUSE MAN LLC | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Poly-Wood, LLC ("Poly-Wood") by their attorneys, serve and file this Complaint for trademark infringement and Lanham Act Violations and Request for Jury Trial, complaining of Lighthouse Man LLC ("Lighthouse Man") and would respectfully show as follows:

### Nature of the Action

1. Poly-Wood and Lighthouse Man are competing manufacturers and sellers of outdoor furniture and components. Poly-Wood sells plastic outdoor furniture and plastic lumber for outdoor furniture and decking under its well-known and highly successful POLYWOOD® trademark. Lighthouse Man is using the mark POLYWOOD to advertise and offer for sale competing outdoor furniture, claiming that its goods are POLYWOOD furniture.

## Parties

2. Plaintiff Poly-Wood, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 1001 W Brooklyn St., Syracuse, IN 46567-1433.

3. Upon information and belief, Defendant Lighthouse Man LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, having a principal place of business at 340 Hoffa Mill Road, Lewisburg, PA 17837.

## Jurisdiction and Venue

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 as this is a claim for violation of the Lanham Act pursuant to 15 U.S.C. §§ 1114 and 1125(a).

5. Defendant is subject to personal jurisdiction within Pennsylvania and this judicial district, as Defendant is operating in Pennsylvania and his place of business is in Pennsylvania. Venue as to Defendant is thus proper pursuant to 28 U.S.C. §1391(b).

## Factual Background

### Poly-Wood's POLY-WOOD® and POLYWOOD® Trademark and Background Facts

6. Since at least 2002, Poly-Wood has continually promoted and offered its POLYWOOD® and POLY-WOOD® products in the field of outdoor furniture and plastic lumber for outdoor furniture and decking, via a network of authorized dealers located around the country, and online from its website located at https://www.polywood.com/.

7. Poly-Wood has used the POLYWOOD® and POLY-WOOD® marks continuously, notoriously and extensively with respect to and in association with its products since at least 2002 and further has marked its materials with the appropriate "®" legend.

8. Poly-Wood has expended a substantial amount of money and effort in advertising and promoting its POLYWOOD® and POLY-WOOD® marks. Poly-Wood's POLYWOOD® and POLY-WOOD® marks are well known and consumers have come to know, rely upon, and recognize the POLYWOOD® and POLY-WOOD® marks as identifying Poly-Wood's products. As a result of Poly-Wood's substantial promotional, advertising, publicity, and public relations activities, the POLYWOOD® and POLY-WOOD® marks have acquired substantial goodwill and is a valuable commercial asset.

9. Poly-Wood's POLYWOOD® and POLY-WOOD® marks are distinctive and inherently distinctive, serving to identify and indicate the source of Poly-Wood's products to the consuming public, and to distinguish Poly-Wood's products from those of others.

10. Poly-Wood owns US Trademark Registration Nos. 3415190; 3590724; 3762282; and 4245624 for POLYWOOD and POLY-WOOD.

11. Copies of Poly-Wood's trademark registration certificates are attached as Exhibit A.

12. Trademark Registration Nos. 3415190; 3590724; 3762282; and 4245624 are incontestable.

**Lighthouse Man Actions:**

13. Lighthouse Man makes and sells plastic outdoor furniture.

14. Lighthouse Man is a competitor to Poly-Wood.

15. Lighthouse Man claims to be selling POLYWOOD furniture, for example as illustrated on the Lighthouse Man website at https://www.lighthouseman.com/, at https://www.lighthouseman.com/authentic-polywood-lawn-lighthouses/ and in other locations, including but not limited to social media accounts on Facebook and Instagram. Example pages

from Lighthouse Man's website and social media accounts showing its use of the POLYWOOD trademark are attached as Exhibit B.

16. On July 14, 2023, Poly-Wood sent Lighthouse Man a cease and desist letter via email and as a USPS Certified Letter. A copy of the July 14, 2023 email is attached as Exhibit C.

17. In response to the July 14, 2023 email, Lighthouse Man removed POLYWOOD from certain locations on its website; however, Lighthouse Man refused to remove POLYWOOD from any further products, continuing to infringe the POLYWOOD® trademark.

18. On August 17, 2023, Poly-Wood sent Lighthouse Man a follow-up email. Again, Lighthouse Man refused to remove the infringing listings, continuing to infringe the POLYWOOD® trademark.

19. On September 21, 2023, Poly-Wood sent Lighthouse Man a further follow-up email. Once again, Lighthouse Man refused to remove the infringing listings, continuing to infringe the POLYWOOD® trademark.

20. Lighthouse Man continues to knowingly and intentionally infringe the POLYWOOD® trademark.

## TRADEMARK INFRINGEMENT

21. Poly-Wood incorporates by reference the averments contained in paragraphs 1 through 20.

22. The unauthorized use of the POLYWOOD® mark in Lighthouse Man's advertising and to sell Lighthouse Man's goods is likely to cause confusion or mistake or to deceive consumers into believing that Lighthouse Man's unauthorized products advertised,

promoted, and offered under the POLYWOOD® mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Poly-Wood.

23. Lighthouse Man's advertising has a material effect on consumers' purchasing decisions.

24. Lighthouse Man's advertising affects interstate commerce.

25. The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125 and the common law.

26. Defendant's trademark infringement is deliberate and willful. As a result, Poly-Wood has been injured and is entitled to receive the maximum damages allowable under the Lanham Act from and against Defendant.

## Demand for Jury Trial

Poly-Wood demands a jury trial on all issues so triable.

## Prayer

A. Enter judgment that the unauthorized use of the POLYWOOD® mark in Lighthouse Man's commercial advertising, marketing, promotion and/or sales in the United States infringes Poly-Wood's POLYWOOD® mark.

B. Enter judgment that the unauthorized use of the POLYWOOD® mark in Lighthouse Man's commercial advertising, marketing and/or promotion and sales in the United States constitutes and creates a likelihood of confusion, mistake or deception among relevant consumers and therefore constitutes unfair competition.

C. Enter judgment that Lighthouse Man's infringement and unfair competition is willful.

D. Permanently enjoin Lighthouse Man, its officers, agents, employees and attorneys, and those in active concert or participation therewith, from using the POLYWOOD® trademark to advertise, offer for sale and/or sell any products or services, unless authorized by Poly-Wood.

E. Permanently enjoin Lighthouse Man, its officers, agents, employees and attorneys, and those in active concert or participation therewith, from engaging in any form of false, misleading and/or deceptive advertising of products or services using Poly-Wood's POLYWOOD® mark which are likely to cause or have caused confusion, mistake or deception of the public.

F. Award Poly-Wood actual damages in the form of: (1) Lighthouse Man's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action, in accordance with 15 USC §1117.

G. Award Poly-Wood a sum above the amount found as actual damages up to three times the actual damages, in accordance with 15 USC §1117.

H. Find the case exceptional and award Poly-Wood its attorneys' fees and expenses associated with this action, in accordance with 15 USC §1117.

I. Grant all such other relief that the Court deems just.

Respectfully submitted,

By: /s/ Mark D. Bradshaw
Mark D. Bradshaw
Stevens & Lee
17 North Second Street, 16th Floor
Harrisburg, PA 17101
(717) 255-7357 - Telephone
mark.bradshaw@stevenslee.com

Charles J. Meyer (PHV to be filed)
WOODARD, EMHARDT, HENRY,
    REEVES & WAGNER LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
(317) 634-3456 – Telephone
cjmeyer@uspatent.com

Attorneys for Plaintiff,
Poly-Wood, LLC

7